IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

VIRGINIA BERGER,
DIANE BORRAEGO,
MIKE CORNELL,
TOM GUDAHL,
SCOTT IRWIN,
DEBORAH KASZYCKI,
RYAN KASZYCKI,
RON MESERY,
and
DAWN STROWP, individuals,

      Plaintiffs,

   v.

JOHN H. SIMMONS,
a/k/a JOHNNY SIMMONS, an individual,

      Defendant.

---

## COMPLAINT

---

    Plaintiffs, VIRGINIA BERGER, DIANE BORRAEGO, MIKE CORNELL, TOM

GUDAHL, SCOTT IRWIN, DEBORAH KASZYCKI, RYAN KASZYCKI, RON MESERY,

and DAWN STROWP, for a Complaint against Defendant Simmons, state and allege:

### SUBJECT MATTER JURISDICTION

    1.    This is an action for declaratory relief; breach of fiduciary duty; breach of implied

duty, covenant of good faith and fair dealing; promissory estoppel; false representation;

concealment; non-disclosure; negligent misrepresentation; fraud; civil theft under Colo. Rev.

Stat. § 18-4-405, constructive trust, accounting, and tortuous interference with prospective

business relationship.

2.      This Court has subject matter jurisdiction over this action pursuant to the

provisions of 28 U.S.C. § 1332.

## VENUE

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

## PARTIES AND PERSONAL JURISDICTION

4.      Plaintiff, Virginia Berger, is a citizen of the State of Wyoming and resides at 417

E. 23rd, Cheyenne, WY  82001.

5.      Plaintiff, Diane Borraego, is a citizen of the State of Colorado and resides at 2586

Lawrence Street, Denver, CO  80205.

6.      Plaintiff, Mike Cornell, is a citizen of the State of Nebraska and resides at 811

University Avenue, Hastings, NE  68901.

7.      Plaintiff, Tom Gudahl, is a citizen of the State of Wyoming and resides at 4518

Ontario Avenue, Cheyenne, WY  82001.

8.      Plaintiff, Scott Irwin, is a citizen of the State of Wyoming and resides at 3761

Cribbon, Cheyenne, WY  82001.

9.      Plaintiff, Deborah Kaszycki, is a citizen of the State of Colorado and resides

at11493 E. Yale Place, Aurora, CO  80014.

10.      Plaintiff, Ryan Kaszycki, is a citizen of the State of Colorado and resides at 6950

E. 1st Place, Denver, CO  80220.

11.     Plaintiff, Ron Mesery, is a citizen of the State of Wyoming and resides at 3326 Alexander, Cheyenne, WY  82001.

12.     Plaintiff, Dawn Strowp, is a citizen of the State of Wyoming and resides at 4518 Ontario Avenue, Cheyenne, WY  82001.

13.     Defendant, John H. Simmons, a/k/a Johnny Simmons, is a citizen of the State of Texas and resides at 12 Lee Court, Trophy Club, TX  76262.

## GENERAL ALLEGATIONS

1.     St. Joseph, Inc. is a Colorado corporation with a business address of 4870 S. Lewis, Suite 250, Tulsa, Oklahoma 74105.  Together with its wholly-owned subsidiaries, Staf*Tek Services, Inc. and Staf*Med Global, Inc., St. Joseph will be designated herein as the "Company."  Simmons formerly acted as the President, Chief Executive Officer and a Director of the Company, including its wholly-owned subsidiaries.

2.     St. Joseph conducts all of its business through such wholly-owed subsidiaries, Staf*Tek Services, Inc. and Staf*Med Global, Inc.

3.     Staf*Tek was organized as an Oklahoma corporation on January 2, 1997.  The purchase of Staf*Tek by the Company took place on December 2, 2003 and the acquisition closed on January 2, 2004 at which time Staf*Tek became a wholly-owned subsidiary of St. Joseph.

4.     As a result of the acquisition, Staf*Tek currently operates as the Company's wholly-owned subsidiary, specializing in the recruiting and placement of professional technical personnel on a temporary and permanent basis.  Staf*Tek is primarily a regional professional service firm that provides experienced and highly qualified information technology personnel

who can demonstrate diversity and flexibility in the work force.  Staf*Tek provides Information

Technology employees in areas ranging from multiple platform systems integration to end-user

support, including specialists in programming, networking, systems integration, database design

and help desk support.

     5.      While a fiduciary, Simmons established a second wholly-owned subsidiary,

Staf*Med Global, Inc., in September 2005.  The new subsidiary was represented by Simmons to

be a vehicle for servicing staffing needs of the healthcare industry.  As of March 29, 2006,

Staf*Med has not yet received any income from operations.  Plaintiffs are informed and believe

and, therefore allege, that the sole or primary purpose, undisclosed to Plaintiffs, was to provide a

vehicle whereby substantial funds of the Company would be paid to Simmons' daughter, Kelly

Simmons, a/k/a Kelly Gill, as well as a variety of expenses which are clearly personal, not

business in nature.

     6.      Throughout his tenure while acting as the Company's Director, CEO and

President, while under the fiduciary duty to Plaintiffs described herein, Simmons himself has

spent substantial unauthorized Company funds on recreation and other personal matters without

business purpose.

     7.      On May 17, 2006, Simmons delivered a note to the Company's Board of

Directors stating that he resigned as President and Chief Executive Officer of the Company and

its subsidiaries effective that day.  Simmons subsequently resigned as a Director of the

Company.

8.      Despite repeated demands by the Company's legal counsel since his resignation, Simmons has refused to assemble and return substantial corporate and financial records of the Company.

9.      Simmons has tendered to the Company's Transfer Agent, National Stock Transfer, Inc. of Salt Lake City, Utah, for transfer without restriction, Certificate #1301-250,000 shares; #1444-50,000 shares; #1445-50,000 shares; #1446-50,000 shares; #1447-15,000 shares; #1448-10,000 shares; #1449-20,000 shares; #1450-20,000 shares; #1451-20,000 shares; #1452-20,000 shares; #1453-20,000 shares; #1454-800,000 shares (1,325,000 shares total).

10.     Proper shareholder authorization was not obtained with respect to any Option Plan pursuant to which Simmons has received stock in the Company.  Such authorization is required.  Plaintiffs are informed and believe and, therefore allege, that Simmons failed to provide adequate, or any, consideration for certain shares.  Simmons lacked the required showing that shareholders had full knowledge of all material facts and thereafter knowingly accepted and approved of such payment or transaction.

## FIRST CLAIM FOR RELIEF
### (Breach of Fiduciary Duty)

11.     Plaintiffs reallege and incorporate by reference Paragraphs 1 through 10 above, as though set forth in full.

12.     As the President, Chief Executive Officer and Director of the Company, Simmons owed its shareholders a fiduciary duty of complete loyalty and fidelity to shareholder interests. Each Plaintiff is a shareholder of record of the Company.

13.     Simmons has acknowledged his fiduciary duty to shareholders in correspondence exchanged with the Company.

14.     Simmons was obligated to act solely and exclusively in the best interest of Plaintiffs and other shareholders and was prohibited from  acting in a manner contrary to the legitimate business of Plaintiffs and other shareholders.

15.     Simmons had a fiduciary duty of utmost candor and fidelity to disclose all material facts and circumstances pertinent to the operations and financial performance of the Company and its subsidiaries, Staf*Tek and Staf*Med Global, Inc., including his course of dealing relating to Company shares.

16.     By reason of the conduct alleged herein, and in making and participating in misrepresentations and omissions of material fact, Simmons operated a fraud or deceit upon Plaintiffs and other shareholders, breached his fiduciary duty by obtaining a personal profit or advantage in excess of $75,000 (exclusive of interest and costs), to which Simmons was not legally entitled.

17.     As a direct and proximate result of Simmons' breaches of his fiduciary duties to Plaintiffs and other shareholders, Plaintiffs have suffered and will continue to suffer damages in excess of $75,000 (exclusive of interest and costs).

## SECOND CLAIM FOR RELIEF
### (Fraud)

18.     Plaintiffs' reallege and incorporate by reference Paragraphs 1 through 17 above, as though set forth in full.

19.     Simmons made and participated in the making of misrepresentations of material fact and omissions to disclose past material facts to shareholders, including Plaintiffs.  In making the representations described above, Simmons omitted material facts necessary to make the

statements not misleading, or otherwise failed to disclose all material facts necessary for Plaintiffs to make decisions.

20.     Simmons knew that he was making misrepresentations of material fact or omitting to state material facts to Plaintiffs.

21.     It was reasonably foreseeable, and Simmons intended, that Plaintiffs would rely upon such information in making decisions.

22.     At the time of Simmons' misrepresentations and material omissions, Plaintiffs were ignorant to the falsity of such misrepresentations and material omissions and relied upon those misrepresentations and material omissions to their detriment.

23.     As a direct and proximate result of the activities of Simmons described above, Plaintiffs have suffered substantial damages and losses in an amount in excess of $75.000.00 (exclusive of interest and costs).

**THIRD CLAIM FOR RELIEF**
**(Negligent Misrepresentation)**

24.     Plaintiffs reallege and incorporate by reference Paragraphs 1 through 23 above, as though set forth in full.

25.     In the course of his relationship with Plaintiffs, Simmons supplied Plaintiffs with false information.

26.     Simmons was negligent in making misrepresentations of material fact or omitting to state material facts to Plaintiffs.

27.     Simmons intended that Plaintiffs rely upon these misrepresentations or omissions to state material facts.

28.     It was reasonably foreseeable that Plaintiffs would rely upon Simmons'

misrepresentations and omissions to state material facts and Plaintiffs, who had no knowledge as

to the falsity of the representations or of the omissions to state material facts, relied thereon to

their detriment.

29.     As a direct and proximate result of the conduct of Simmons, Plaintiffs have

suffered substantial damages and losses in an amount exceeding $75,000.00 (exclusive of

interest and costs).

## FOURTH CLAIM FOR RELIEF
### (Non-Disclosure)

30.     Plaintiffs reallege and incorporate by reference Paragraphs 1 through 29 above, as

though set forth in full.

31.     Simmons concealed past material facts from Plaintiffs concerning his

qualifications and integrity, the Company's operations and its compliance with applicable

Colorado law, which facts were material, with the intent of creating a false impression of actual

facts and inducing Plaintiffs to take a course of action that they would not have taken if they had

known the actual facts.

32.     Plaintiffs took actions and decided not to act relying on the assumption that the

concealed facts did not exist or were different from what they actually were.  Such reliance was

justifiably based on the concealment of facts by Simmons.

33.     As a direct and proximate result of the activities of Simmons described above,

Plaintiffs have suffered substantial damages and losses in an amount exceeding $75,000.00

(exclusive of interest and costs).

**FIFTH CLAIM FOR RELIEF**
**(Concealment)**

34.     Plaintiffs reallege and incorporate by reference Paragraphs 1 through 33 above, as though set forth in full.

35.     Simmons concealed past material facts from Plaintiffs concerning his qualifications and integrity, the Company's operations and its compliance with applicable Colorado law, which facts were material, with the intent of creating a false impression of actual facts and inducing Plaintiffs to take a course of action that they would not have taken if they had known the actual facts.

36.     Plaintiffs took actions and decided not to act, relying on the assumption that the concealed facts did not exist or were different from what they actually were.  Such reliance was justifiably based on the concealment of facts by Simmons.

37.     As a direct and proximate result of the activities of Simmons described above, Plaintiffs have suffered substantial damages and losses in an amount exceeding $75,000.00 (exclusive of interest and costs).

**SIXTH CLAIM FOR RELIEF**
**(False Representation)**

38.     Plaintiffs reallege and incorporate by reference Paragraphs 1 through 37 above, as though set forth in full.

39.     Simmons has made material misrepresentations of facts to Plaintiffs concerning his qualifications and integrity, the Company's operations and its compliance with applicable Colorado law, which facts were material.

40.     Simmons made these misrepresentations of material facts to Plaintiffs knowing that they were false and with the intent that Plaintiffs would act or decide not to act in reliance on those misrepresentations.

41.     Plaintiffs justifiably relied upon the misrepresentations of material facts made by Simmons.

42.     As a direct and proximate result of the activities of Simmons described above, Plaintiffs have suffered substantial damages and losses in an amount exceeding $75,000.00 (exclusive of interest and costs).

**SEVENTH CLAIM FOR RELIEF**
**(Promissory Estoppel/Unjust Enrichment)**

43.     Plaintiffs reallege and incorporate by reference Paragraphs 1 through 42 above, as though set forth in full.

44.     Simmons made representations to Plaintiffs reasonably expecting the Plaintiffs to rely on such promises.

45.     In reasonable reliance upon the statements and representations of Simmons, Plaintiffs continued as shareholders and their existing investments were placed in jeopardy.

46.     It would be unjust for Simmons to retain the benefit derived by the conduct described.

47.     As a direct and proximate result of their reliance upon the statements and representations of Defendant, Plaintiffs have suffered substantial damages and losses in an amount exceeding $75,000.00 (exclusive of interest and costs).

**EIGHTHCLAIM FOR RELIEF**
**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

48.     Plaintiffs reallege and incorporate by reference Paragraphs 1 through 47 above, as though set forth in full.

49.     Implicit in Simmons' actions and dealings with shareholders is a covenant of good faith and fair dealing.  The performance and enforcement of such covenant requires honesty and the observance of reasonable standards of fair dealing.

50.     The actions of Simmons, as described above, constitute a breach, without excuse or justification, of the covenant of good faith and fair dealing.

51.     As a direct and proximate result of the breach by Simmons of the implied covenant of good faith and fair dealing, Plaintiffs have suffered substantial losses and damages in an amount exceeding $75,000.00 (exclusive of interest and costs).

**NINTH CLAIM FOR RELIEF**
**(Accounting)**

52.     Plaintiffs reallege and incorporate by reference Paragraphs 1 through 51 above, as though set forth in full.

53.     Plaintiffs are entitled to an accounting of all values wrongfully received and retained by Simmons through the actions and conduct described herein.

**TENTH CLAIM FOR RELIEF**
**(Constructive Trust)**

54.     Plaintiffs reallege and incorporate by reference Paragraphs 1 through 53 above, as though set forth in full.

55.     Simmons wrongfully acquired assets, funds and value from Plaintiffs.

56.     The imposition of a constructive trust is necessary to prevent the unjust enrichment which would otherwise result from the wrongful acquisition of such assets and funds.

57.     The imposition of a constructive trust is within this Court's equitable powers.

## ELEVENTH CLAIM FOR RELIEF
### (Civil Theft Under Colo. Rev. Stat. § 18-4-405)

58.     Plaintiffs reallege and incorporate by reference Paragraphs 1 through 57 above, as though set forth in full.

59.     By his actions, Simmons knowingly obtained and retained the value of Plaintiffs' investments through breaches of duties owed to Plaintiffs.  Such actions were pursued under false pretenses, constituting civil theft under the provisions of Colo. Rev. Stat. § 18-4-401(1)(a) (knowingly obtaining or exercising control over anything of value of another without authorization, or by threat or deception, with the intent to deprive the other person permanently of the use or benefit of the thing of value).

60.     Pursuant to Colo. Rev. State. §18-4-404, Plaintiffs are entitled to maintain a civil action against Simmons to recover three times the actual damages sustained, as well as costs and attorneys' fees.

## TWELFTH CLAIM FOR RELIEF
### (Tortious Interference with Prospective Business Relationships)

61.     Plaintiffs reallege and incorporate by reference Paragraphs 1 through 60 above, as though set forth in full.

62.     Simmons has intentionally and improperly interfered with Plaintiffs' prospective business relationships.

63.     Plaintiffs have suffered damages caused by Simmons' actions in an excess of $75,000.00 (exclusive of interest and costs).

## THIRTEENTH CLAIM FOR RELIEF
### (Declaratory Relief)

64.     Plaintiffs reallege and incorporate by reference Paragraphs 1 through 63 above, as though set forth in full.

65.     Plaintiffs are interested in the stock-related corporate actions described above. Their rights, status and legal relations are affected by those related documents. Plaintiffs are entitled to an adjudication and declaration of their rights pursuant to 28 U.S.C. § 2201 *et seq.* and Fed. R. Civ. P. 57 to terminate controversy or uncertainty concerning such rights.

66.     Actual controversies exist between Plaintiffs and Simmons concerning their respective rights, status and legal relations under the Company's actions relating to Simmons' stock.

67.     To terminate controversy or uncertainty, Plaintiffs request the declaration of the rights, status and legal relations of the parties and the issuance of declaratory orders that:

    (a)     Simmons has no right, title, interest or claim with respect to the Company's restricted stock issued to him or stock issued for which no or inadequate consideration was provided.

    (b)     Simmons must promptly disgorge all illegally obtained stock.

    (c)     Simmons must promptly notify the Transfer Agent that his request for transfer is withdrawn or held in abeyance pending the ruling of this Court.

68.     The pecuniary effect of an adverse determination to Plaintiffs' request for declaratory relief exceeds $75,000.00 (exclusive of interest and costs).

## PRAYER FOR RELIEF

Plaintiffs pray for this Court to enter an Order:

1.      Entering judgment in favor of Plaintiffs and against Defendant as follows:

    (a)     For a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* and Fed

            R. Civ. P. 57 as described above.

    (b)     That Simmons has no legal right, title, interest or claim with respect to

            shares of stock of the Company issued pursuant to options or otherwise.

    (c)     The actions of Simmons were vexatious and without justification, entitling

            Plaintiffs to recover their reasonable attorneys' fees.

    (d)     For an award of damages against Defendant on each claim asserting

            monetary damages in an amount to be ascertained at trial, but not less than

            $75,000.00 (exclusive of interest and costs), which the evidence at trial

            may demonstrate was caused by Simmons' conduct.

    (e)     For an award of Plaintiffs' pre and post litigation attorneys' fees and costs

            of litigation (including, without limitation, all expenses and fees for expert

            witnesses used in preparation for or at trial), pre-judgment and post-

            judgment interest and such other and further relief as the Court may deem

            just and proper.

    (f)     For an award of treble damages and attorneys' fees pursuant to C.R.S. §

            18-4-405.

DATED this 18th day of August, 2006.

Respectfully submitted,

*s/ Jeffrey C. Pond*

Jeffrey C. Pond
John E. Matter
Moye White LLP
16 Market Square, 6th Floor
1400 16th Street
Denver Colorado 80202-1473
Telephone:  303 292 2900

ATTORNEYS FOR PLAINTIFFS VIRGINIA
BERGER, DIANE BORRAEGO, MIKE
CORNELL, TOM GUDAHL, SCOTT IRWIN,
DEBORAH KASZYCKI, RYAN KASZYCKI,
RON MESERY AND DAWN STROWP,
INDIVIDUALS

Plaintiffs' Addresses:

Virginia Berger
417 E. 23rd
Cheyenne, WY  82001

Diane Borraego
2586 Lawrence Street
Denver, CO  80205

Mike Cornell
811 University Ave.
Hastings, NE  68901

Tom Gudahl
4518 Ontario Avenue
Cheyenne, WY  82001

Scott Irwin
3761 Cribbon
Cheyenne, WY  82001

Deborah Kaszycki
11493 E. Yale Place
Aurora, CO  80014

Ryan Kaszycki
6950 E. 1st Place
Denver, CO  80220

Ron Mesery
3326 Alexander
Cheyenne, WY  82001

Dawn Strowp
4518 Ontario
Cheyenne, WY  82001